UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KELVIN LANEIL JAMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ELY STATE PRISON, et al.,<br><br>　　　　Defendants. | Case No.: 2:24-cv-01871-JAD-BNW<br><br>**ORDER**<br><br>(ECF Nos. 7, 10, 11, 12, 14) |

　　　　Pro se plaintiff Kelvin James brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while he was incarcerated at Ely State Prison. (ECF No. 1-1). Plaintiff filed two applications to proceed *in forma pauperis* (IFP), a motion for the appointment of counsel, two motions for entry of clerk's default, and two notices seeking to serve the defendants by publication or for them to waive service of process. (ECF Nos. 6, 7, 8, 10, 11, 12, 14). To ensure a clear record going forward, the Court provides Plaintiff the following guidance and resolves his duplicative IFP application and premature motions for default and service.

　　　　Plaintiff twice moves for entry of clerk's default, arguing that all defendants were served with process and committed perjury about Plaintiff assaulting them. (ECF Nos. 12, 14). And he appears to seek leave to serve the defendants by publication or have them waive service of summons and a copy of the complaint. (ECF Nos. 10, 11). These motions and requests are premature. Default can be entered against a party who has failed to plead or otherwise defend against an action. Fed. R. Civ. P. 55(a). And default judgment can be entered against a party that has been defaulted if certain other requirements are met. *See id.* at 55(b).

　　　　But this action is still in the screening stage and no defendant has, in fact, been served with process under Federal Rule of Civil Procedure 4, which means no defendant is currently required to defend against this action. And no defendant can be served under Rule 4 until the Court orders that to happen. Plaintiff is advised that it is not yet time for service upon the defendants because, as the Court explained in the letter it sent to Plaintiff when he initiated his action, the next step is

for the Court to "screen" Plaintiff's complaint for "colorable claims" and "dismiss any claims that are "frivolous, malicious, or fail to state a claim upon which relief may be granted." (ECF No. 3 at 1 (citing 28 U.S.C. § 1915A(a), (b)). Plaintiff's motions for default and requests about service upon the defendants are therefore denied as premature.

The Court has received Plaintiff's complaint, and it will screen that pleading under 28 U.S.C. § 1915A in the ordinary course. The Court also received two IFP applications. (ECF Nos. 6, 7). The first application is more complete, and it is on this Court's approved form, but the second application is incomplete and appears to be on a state court's form. The Court denies the second IFP application because it is incomplete and duplicative. (ECF No. 7). The Court will address Plaintiff's first IFP application in the ordinary course. (ECF No. 6). It will address Plaintiff's motion for the appointment of counsel in the ordinary course, too. (ECF No. 8).

Plaintiff is advised that his habit of filing duplicative motions on matters that are already pending before the Court will not increase the speed with which the Court is able to proceed in this case. The Court has a heavy docket. Filing multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on parties who engage in those litigation tactics. But at this juncture, the Court simply cautions Plaintiff against this conduct and denies his faulty motions.

It is therefore ordered that Plaintiff's second application to proceed *in forma pauperis* (ECF No. 7) is denied as duplicative and incomplete.

It is further ordered that Plaintiff's motions for entry of clerk's default and requests for service by publication and waiver of service of process (ECF Nos. 10, 11, 12, 14) are denied.

Again, the Court will screen Plaintiff's complaint and address his IFP application and motion for the appointment of counsel in the ordinary course. And it will enter an order about service upon the defendants when it is time to do so.

DATED: November 21, 2024

_____
UNITED STATES MAGISTRATE JUDGE